UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENISE BADGEROW** | * |
| | *   **CIVIL ACTION NO. _____** |
| | * |
| **versus** | *   **SECTION "___"** |
| | * |
| | *   **JUDGE _____** |
| **GREG WALTERS, THOMAS MEYER,** | * |
| **AND RAY TROSCLAIR** | *   **MAGISTRATE_____** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW INTO COURT**, pursuant to 28 U.S.C. §§ 1441 and 1446, come Defendants in the above-captioned State-court lawsuit, Greg Walters, Thomas Meyer, and Ray Trosclair (collectively "Defendants"), through undersigned counsel, and hereby remove to this Court the action styled *Denise Badgerow v. Greg Walters, Thomas Meyer, and Ray Trosclair*, bearing Case Number 19-4752, Division "M", on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, and who in support of this removal respectfully represent as follows:

1.

On or about May 6, 2019, Denise Badgerow ("Plaintiff") filed her "Action to Vacate Arbitration Award" ("CDC Action") in the Civil District Court for the Parish of Orleans, State of Louisiana. This was after a Motion to Confirm the same Arbitration Award was filed on April 17, 2019 in a materially related suit in the United States District Court for the Eastern District of Louisiana, with a submission date of May 15, 2019. **Exhibit B**, Ameriprise Motion to Confirm Arbitration Award in *Denise A. Badgerow, on behalf of herself and a class of those similarly*

262985.1

*situated, v. REJ Properties, Inc. d/b/a Walters Meyer Trosclair & Associates, and Ameriprise Financial Services, Inc.,* E.D. La., Civ. No. 2:17-cv-09492 ("Federal Suit"), R. Doc. 146.

2.

Defendants received the Action via personal service on May 7, 2019. Consequently, this removal is timely under 28 U.S.C. § 1446 as it is being filed within thirty (30) days after receipt by Defendants through service of an initial copy of the pleading setting forth the claim.

## This Court has Original Subject Matter Jurisdiction Because the Underlying Allegations Arise Under Federal Law.

3.

This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1367 and is one which may be removed to the Court by the Defendants pursuant to 28 U.S.C. § 1441 in that it is a civil action arising under the laws of the United States.

4.

The CDC Action seeks to vacate an Arbitration Award dismissing all of Plaintiff's claims, awarded by a Financial Industry Regulatory Association ("FINRA") Arbitration Panel on December 28, 2018. FINRA is a securities regulatory body governed by the federal Securities and Exchange Commission ("SEC") **Exhibit B-1**, FINRA Arbitration Award.

5.

The FINRA Arbitration proceeding, initiated by Plaintiff on September 18, 2016, was initially against Defendants and Ameriprise Financial Services, Inc., ("Ameriprise") the securities broker-dealer of the individual Defendants, the Ameriprise Franchisees, and included claims under the Securities and Exchange Act of 1934 ("SEA"), federal SEC Regulations, federal FINRA Regulations, the Louisiana Whistleblower Protection Act, LA. REV. STAT. § 23:967 ("LWPA"), the Louisiana Unfair Trade Practices Act, LA. REV. STAT. § 15:1401, *et seq.,*

and breach of contract. Specifically, Plaintiff's Statement of Claim included alleged violations of 17 C.F.R. § 240.17a-3, Section 15 of the SEA, and FINRA Rule 2040. **Exhibit C**, Plaintiff's Second Amended and Restated Statement of Claim in the FINRA Arbitration proceeding.

6.

On January 10, 2018, the Honorable Judge Zainey of this Court sent to FINRA Arbitration, under the authority of the Federal Arbitration Act, the joint employer claims brought by Plaintiff Badgerow against Ameriprise in her Title VII and Equal Pay Act suit filed in this Court on September 22, 2017. Civ. No. 2:17-cv-09492, R. Doc. 47.

7.

In her Action to Vacate, Plaintiff spends three pages extensively discussing these SEC and FINRA regulations, stating that the first regulation at issue is the SEC 'Books and Records' requirement under 17 C.F.R. § 240.17a-3, that "[t]he SEC mandates that broker-dealers supervise the securities activity of their personnel," and that "[t]he prohibition by Rule 2040 is enforced by the SEC." She also discusses SEC interpretation letters and federal jurisprudence interpreting these regulations. **Exhibit A**, Action to Vacate Arbitration Award, pp. 5–7.

8.

Under United States Supreme Court precedent, subject matter jurisdiction for applications under the Federal Arbitration Act ("FAA") require the Federal Court to consider whether the underlying dispute would have federal subject matter jurisdiction if it were brought directly to federal court. *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("A federal court may 'look through' a [9 U.S.C.] § 4 petition to determine whether it is predicated on an action that 'arises under' federal law.")

9.

The majority of Federal Circuit Courts ruling on the issue have held that the Supreme Court's "look through" analysis in *Vaden* should extend to applications to vacate or confirm an arbitration award, thus the Federal Court should consider the underlying claims in the arbitration dispute to determine whether federal subject matter jurisdiction exists.

10.

In *Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.* the First Circuit considered whether federal subject matter jurisdiction existed under 28 U.S.C. § 1331 for removal of a motion to vacate a FINRA Arbitration Award that dismissed violations of the SEA. *Ortiz-Espinosa v. BBVA Sec. of Puerto Rico, Inc.*, 852 F.3d 36, 41 (1st Cir. 2017). The Court held that under *Vaden*, courts should look through the arbitration to the underlying dispute to determine subject matter jurisdiction for motions to confirm, vacate, or modify arbitration awards. *Id.* at 47. The Court held that applying the *Vaden* analysis to all applications under the Federal Arbitration Act would promote a unitary jurisdiction approach. *Id.* at 46. The Court noted that to apply *Vaden* to motions to compel arbitration under 9 U.S.C. § 4, but not motions to confirm, vacate, or modify under 9 U.S.C. §§ 9–11 would lead to the "curious practical consequence" of allowing a federal court to compel arbitration, but denying a federal forum for confirming, modifying, or vacating the award. *Id.* at 46–47. Further, it would lead to state courts considering questions of federal law regarding the underlying dispute to determine whether to confirm or vacate the award. *Id.* at 47. The *Ortiz* Court held that removal of the motion to vacate the arbitration award to federal court was proper because the underlying dispute involved the SEA. *Id.*; *see also Doscher v. Sea Port Grp. Sec., LLC,* 832 F.3d 372, 388 (2d Cir. 2016) (overturning the district court's dismissal of a petition to vacate a FINRA Arbitration Award because federal subject matter jurisdiction existed

based on alleged violations of the SEA); *McCormick v. Am. Online, Inc.*, 909 F.3d 677, 684 (4th Cir. 2018) (overturning the district court's dismissal of the motion to vacate because the underlying dispute may establish subject matter jurisdiction under *Vaden*).

11.

As in *Orbitz* and *Doscher,* the underlying dispute in the FINRA arbitration included alleged violations of the SEA as well as SEC and FINRA regulations. Therefore, these claims arise under federal law, and thus removal is proper.

12.

Moreover, the state law claims in the FINRA arbitration that Plaintiff seeks to vacate in state court, necessarily turned on alleged violations of the SEA, FINRA 2040, and SEC Regulations. In *Harrison v. Christus St. Patrick Hospital*, the district court for the Western District of Louisiana considered the removal of an action that alleged breach of contract, unjust enrichment, breach of fiduciary duty, and LUTPA violations based on interpretation of federal Medicare and Medicaid regulations. *Harrison v. Christus St. Patrick Hosp.*, 432 F. Supp. 2d 648, 649 (W.D. La. 2006). The *Harrison* Court held that the Medicare and Medicaid regulations are not collateral or remote, they are central to the dispute, and "are an integral part of the required analysis of these alleged claims," thus conferring original subject matter jurisdiction to allow for removal. *Id* at 651–652. The *Harrison* Court also considered the "convoluted history of this case and [found] it to be a blatant attempt at forum manipulation," considering this further support to remove the case to federal court. *Id.*

13.

Additionally, in *Coleman v. Louisville Pants Corp.*, employees sued their employer and the union in Mississippi state court for state law tort, alleging the defendants breached their duty

to timely secure benefits under the federal Trade Act of 1974. *Coleman v. Louisville Pants Corp.*, 691 F.2d 762, 763 (5th Cir. 1982). Although the only claims were state law tort, the Fifth Circuit affirmed the removal to federal court because the alleged duty breached was under the Trade Act, such that the claim arose under federal law. *Id.* at 765.

14.

Similar to *Harrison* and *Coleman*, the SEA, SEC Regulations, and FINRA Rules alleged to be violated here, are an integral part of and primarily underpin Plaintiff's state law LWPA claims and LUTPA claims. In fact, the only "state" law that Plaintiff alleges under her LWPA claim is Louisiana's "adoption" of the SEA and the SEC Rules. Exhibit C, Second Amended and Restated Statement of Claim, p.7. Thus, these claims necessarily turn on federal law. Additionally, the CDC Action is a blatant attempt to forum shop, and so should be removed to federal court as recognized by the Western District Judge in *Harrison*.

15.

The underlying federal violations Plaintiff alleged in her FINRA Statement of Claim, which she alleges in her Motion to Vacate filed in the CDC Action, establish original federal subject matter jurisdiction under 28 U.S.C. § 1331.

16.

In *Ameser v. Nordstrom, Inc.,* in the United States District Court for the Northern District of Texas a motion to vacate was removed from state court and, after the motion was refiled in the District Court, the Court denied the motion to vacate the employment arbitration award under the Federal Arbitration Act. 442 F. App'x 967, 969. (5th Cir. 2011). The Fifth Circuit affirmed the denial of the motion to vacate because no grounds for vacating existed under the FAA. *Id.* at 970. Similarly, Defendants remove this motion to vacate filed in state court to this Court.

## This Action to Vacate is Materially Equivalent to a Motion to Confirm the Arbitration Award Already Filed in Federal Court.

17.

This Action to Vacate in state court is a direct response to Ameriprise's Motion to Confirm Arbitration Award recently filed in this Court in Civ. Action No. 2:17-cv-09492 against the same parties.

18.

While the FINRA Arbitration was ongoing, on September 22, 2017, Plaintiff filed a federal lawsuit in the Eastern District of Louisiana, alleging federal and state employment discrimination law violations, Equal Pay Act violations, and breach of contract. The suit is captioned *Denise A. Badgerow v. REJ Properties, Inc., et al.*, E.D. La., Civ. No. 2:17-cv-09492 ("Federal Suit").

19.

In the Federal Suit, Ameriprise filed a Motion to Confirm the FINRA Arbitration Award on April 17, 2019. REJ filed a Memorandum in Support of Ameriprise's Motion to Confirm on May 7, 2019. Ameriprise explicitly moved for this Court to confirm the entire Award as to all parties. Exhibit B, Ameriprise Motion to Confirm the Arbitration Award filed in Federal Court; Civ. No. 2:17-cv-09492, R. Doc. 146.[1]

20.

On May 6, 2019, Plaintiff filed the CDC Action seeking to vacate the FINRA Arbitration Award. This is blatant forum shopping to attempt to circumvent the Federal Court's determination of the Motion to Confirm filed by Ameriprise over two weeks earlier.

---

[1] Although Defendants reference record documents in the pending Eastern District Court case, if this Court wants hard copies of these documents, Defendants would be happy to provide them to the Court.

21.

In *Harrison,* the Court considered the "blatant attempt at forum manipulation" and found it as further support for removal. *Harrison*, 432 F. Supp. 2d at 652. Filing this Action to Vacate in state court while a Motion to Confirm the same Arbitration Award is pending in federal court is textbook forum shopping. Thus, removal of this CDC Action is appropriate to prevent manipulation of the judicial system.

22.

This Court has a firm understanding of all of the federal law issues underlying the FINRA Award, and, therefore, should exercise jurisdiction over the Action to Vacate Arbitration Award. In the existing Federal Suit, this Court has considered extensive argument regarding the FINRA Arbitration proceeding, its claims, and the Award, including two oral arguments on two attempts by Plaintiff to amend her Complaint in the Federal Suit and over fifteen briefs. Additionally, this Court has carefully considered the opening statements and closing arguments in the FINRA Hearing Transcript of the August 27–28, 2018 hearing, the entire transcript of the second FINRA hearing on November 20, 2018, and all of the post-hearing FINRA briefs. *See, e.g.,* filings in Federal Suit, Civ. No. 2:17-cv-09492, R. Docs. 76, 82, 86, 98, 99, 100, 101, 106, 108, 111, 114, 122, 125, 129, 135, 141, 144, 145, 146, 151, 152, and 153.

23.

Based on the foregoing, removal is proper because this Court has substantially considered the federal law underpinning the FINRA Arbitration and has a Motion to Confirm the same Arbitration Award pending before it.

**Factual Background**

24.

Plaintiff is a former employee of REJ Properties Inc., ("REJ"), and Greg Walters and Thomas Meyer were the sole shareholders of REJ. Plaintiff worked from January 6, 2014 until her termination on July 26, 2016.

25.

At the beginning of her employment, Plaintiff signed three agreements that bound her to arbitrate any dispute against Ameriprise or its "affiliates." Two agreements explicitly stated that any arbitration was enforceable under the Federal Arbitration Act ("FAA"). All three agreements explicitly require arbitration by FINRA, a securities regulatory body governed by the Securities and Exchange Commission. **Exhibit B-2**, Form U4 Agreement; **Exhibit B-3**, AFG Registered Staff Agreement; **Exhibit B-4**, Associate Financial Advisor Agreement. Civ. No. 2:17-cv-09492, R. Doc. 146-2.

26.

Plaintiff initiated the FINRA Arbitration proceeding on September 18, 2016, against Defendants and Ameriprise, alleging violations under Federal Securities and Exchange Commission ("SEC") Regulations, FINRA Regulations, the Louisiana Whistleblower Protection Act, La. Rev. Stat. § 23:967 ("LWPA"), the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 15:1401, *et seq.*, and breach of contract. *See* Exhibit C.

27.

On September 22, 2017, after Plaintiff filed the FINRA Arbitration proceeding, Plaintiff initiated the Federal Suit still pending in the Eastern District of Louisiana, claiming REJ and Ameriprise violated multiple laws, including Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000, *et seq.*, the Equal Pay Act, 29 U.S.C. § 206(d), and the Louisiana Employment Discrimination Act, La. Rev. Stat. §§ 23:301, *et seq. See* Federal Suit, Civ. No. 2:17-cv-09492, R. Doc. 1.

28.

On January 10, 2018, Judge Zainey ordered in the Federal Suit that Plaintiff bring all of her claims against Ameriprise in the FINRA Arbitration proceeding. *See* Federal Suit, Civ. No. 2:17-cv-09492, R. Doc. 47.

29.

The FINRA Panel held a two–day hearing on August 27–28, 2018, considering all of Plaintiff's claims against the Defendants and Ameriprise, including the arguments of Defendants and Ameriprise in their respective Motions to Dismiss. The FINRA Panel orally dismissed Ameriprise from the FINRA proceeding at the close of Plaintiff's case and then ordered additional briefing and hearing on the Defendants' Motions to Dismiss. On November 20, 2018, the FINRA Panel held hearing on Defendants' Motions to Dismiss.

30.

On December 27, 2018, the FINRA Panel issued a written Arbitration Award dismissing all of Plaintiff's claims against Ameriprise and Defendants on the merits with prejudice. Exhibit B-1, FINRA Arbitration Award.

31.

Two weeks after this Award, on January 8, 2019, Plaintiff filed a Motion for Leave to Amend her Complaint in the Federal Suit, attempting to include the LUTPA, LWPA, and breach of contract claims dismissed with prejudice in the FINRA Arbitration and to add Defendants as parties to the Federal Suit. *See* Federal Suit, Civ. No. 2:17-cv-09492, R. Doc. 68.

32.

This Court held that Plaintiff's first Motion for Leave to Amend her Complaint was moot because instead of submitting supplemental briefs as requested by the Court during oral argument, Plaintiff submitted a red-lined and revised proposed Amended and Supplemental Complaint. The Court found this procedurally improper, and would only consider a proposed Amended and Supplemental Complaint if Plaintiff filed it with a new Motion for Leave to Amend. *See* Federal Suit, Civ. No. 2:17-cv-09492, R. Doc. 115.

33.

Plaintiff then filed a second Motion for Leave to Amend her Complaint on March 28, 2019. Although the proposed Amended and Supplemental Complaint removed the LUTPA, LWPA, and breach of contract claims, by retaining the facts pertaining to these claims, it maintained claims that Defendants violated the same federal laws as alleged in the Motion to Vacate. On April 24, 2019, this Court denied her Motion for Leave to Amend. *See* Federal Suit, Civ. No. 2:17-cv-09492, R. Doc. 125.

34.

Prior to the denial, on April 16, 2019, Plaintiff filed a State Court suit in the 17th Judicial District Court for Lafourche Parish against REJ, WMT (as a purported partnership), and the three individual Defendants, for breach of contract and **again** alleging the LUTPA, LWPA, and tortious interference with contract claims dismissed with prejudice by the FINRA Award.

**Removal Procedures**

35.

In accordance with 28 U.S.C. § 1446(a), certified copies of all process, pleadings, and orders served upon the Defendants in the state court are attached as Exhibit "A" *in globo*.

36.

In accordance with 28 U.S.C. § 1446(d), Defendants have provided notice to Plaintiff, through delivery of a copy of this Notice of Removal to her counsel of record, and to the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, through filing into the record of this action therein a copy of this Notice of Removal.

37.

In accordance with Local Rule 3.1, a list and description of the related action in the United States District Court for the Eastern District of Louisiana and a brief summary of the relationship between the cases is filed herewith.

38.

In accordance with 28 U.S.C. § 1447(b) and Local Rule 3.2, the Defendants will also file into the record of this Court within fourteen (14) days of the removal, copies of all pleadings filed into the record in state court, a copy of the return of service of process (as may be filed therein), and a list of all parties remaining in this action.

**WHEREFORE**, the Defendants pray that the CDC Action proceed no further in State Court and, instead, it be removed from the Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that this Court assume full jurisdiction over the causes as provided by law for further proceedings and disposition.

*Attorney signature block on following page*

Respectfully submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

By: */s/ Eve B. Masinter*
E. FREDRICK PREIS, JR. (LA BAR #10704)
EVE B. MASINTER (LA BAR #1218), T.A.
CLAUDE F. REYNAUD, JR. (LA BAR #11197)
MATTHEW M. MCCLUER (LA BAR #33970)
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112-4004
Telephone: (504) 619-1800
Fax: (504) 584-5452
Email: Fred.Preis@bswllp.com
Email: Eve.Masinter@bswllp.com
Email: Claude.Reynaud@bswllp.com
Email: Matthew.McCluer@bswllp.com
*Attorneys for Greg Walters, Thomas Meyer, and Ray Trosclair*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 13, 2019, I forwarded a copy of the above and foregoing pleading to all known counsel of record by email and by depositing a copy thereof, postage prepaid, in the United States mail, as follows:

Amanda Butler (abutler@lawgroup.biz)
Stephanie Dovalina (sdovalina@lawgroup.biz)
Business Law Group
700 Camp Street, Suite 405
New Orleans, LA 70130.

*/s/ Eve B. Masinter*
Eve B. Masinter

13

262985.1