UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENISE A. BADGEROW                              CIVIL ACTION

VERSUS                                          NO: 19-10353

GREG WALTERS, ET AL.                            SECTION: "A" (2)

## ORDER AND REASONS

The following motions are before the Court: **Motion to Remand to State Court (Rec. Doc. 15)** filed by Plaintiff, Denise Badgerow; **Motion to Confirm Arbitration Award (Rec. Doc. 5)** filed by Defendants, Greg Walters, Thomas Meyer, and Ray Trosclair. Both motions are opposed. The motions, noticed for submission on June 12, 2019, are before the Court on the briefs without oral argument.

This matter is related to Civil Action 17-9492, Badgerow versus REJ Properties, Inc. d/b/a Walters, Meyer, Trosclair & Associates ("WMT").[1]

In that related case, on January 10, 2018, the Court entered its Order and Reasons staying all claims against Ameriprise pending FINRA arbitration. (Rec. Doc. 47). The principals of WMT—Greg Walters, Thomas Meyer, and Ray Trosclair—were not parties to Civil Action 17-9492 but they were parties to the FINRA arbitration. On December 28, 2018, the FINRA arbitrators issued their award which dismissed all of Badgerow's claims against Ameriprise, Thomas Meyer, Ray Trosclair, and Gregory

---

[1] Throughout this Order and Reasons the Court will assume the reader's familiarity with the prior opinions entered in Civil Action 17-9492.

Walters with prejudice. (Rec. Doc. 5-2).

On May 29, 2019, the Court entered an extensive opinion addressing Badgerow's discrimination, Equal Pay Act, and breach of contract claims against WMT d/b/a REJ Properties, Inc. (Rec. Doc. 159). A final judgment was entered in favor of that defendant dismissing all claims with prejudice.

On June 12, 2019, the Court entered an Order and Reasons confirming the arbitration award without qualification on Ameriprise's motion, and in doing so the Court analyzed and rejected Badgerow's allegation of fraud with respect to the award. (Rec. Doc. 161). A final judgment was entered in favor of Ameriprise and against Badgerow based on the arbitration award.[2]

Having obtained no relief in either the arbitration or in this Court, which was Badgerow's chosen forum in 2017 when she first filed suit, Badgerow moved to the state courts. She filed a lawsuit in Lafourche Parish and a lawsuit in Orleans Parish. Defendants Walters, Meyer, and Trosclair (hereinafter collectively "the Principals") removed the latter action to this Court and it has been designated as Civil Action 19-10353, the captioned matter.

Civil Action 19-10353 is a petition to vacate the arbitration award that this Court has already confirmed, on the basis of fraud allegations that this Court has already determined to be legally frivolous. (17-9492-Rec. Doc. 161). Once the case was removed the Principals moved to confirm the arbitration award issued in their favor. Badgerow

---

[2] Even though the award was confirmed without qualification, and even though the principals were parties to the arbitration and the favorable award, the Court could not enter a judgment in their favor because they were not parties to Civil Action 17-9492.

then moved to remand the case to state court.

Given that the Court has already considered and rejected Badgerow's fraud challenge to the arbitration award,[3] the sole question before the Court is whether it has subject matter jurisdiction over the removed action so as to grant the Principals' motion to confirm the award and enter a final judgment in their favor. Both parties have provided extensive briefing in conjunction with Badgerow's motion to remand the case to state court. Badgerow's position is straightforward: She asserts that under the well-pleaded complaint rule a federal court lacks jurisdiction over her petition to vacate because it raises only state law issues. After all, the fraud allegations that Badgerow raises in resisting the award are directed solely at her state law whistleblower claim. The Principals' position is likewise straightforward: They contend that federal question jurisdiction applies because the Louisiana whistleblower claim was premised on violations of federal law, and that the Court should apply the "look through" approach promulgated in *Vaden v. Discover Bank*, 556 U.S. 49 (2009), to essentially pierce Badgerow's artfully pleaded petition.[4]

*Vaden v. Discover Bank* addressed *inter alia* the question of subject matter jurisdiction when a party moves to compel arbitration under § 4 of the Federal Arbitration Act, which in and of itself does not confer jurisdiction—an independent basis

---

[3] In fact, as the Court has already pointed out on the record, the Court reviewed and considered Badgerow's extensive briefing in this action regarding her fraud challenge to the award when considering Ameriprise's motion to confirm the award. (17-9492-Rec. Doc. 161 at 5 n.6).

[4] What the Court cannot do is exercise jurisdiction based on the All Writs Act, 28 U.S.C. § 1651(a), because it does not confer subject matter jurisdiction. *See Syngenta Crop Prot., Inc. v. Henson*, 567 U.S. 28 (2002). Likewise, the Court cannot assume jurisdiction in order to avoid the substantial waste and cost of involving another court in this matter at this juncture or in order to punish Badgerow for forum shopping.

for federal subject matter jurisdiction must exist. The Court held that a federal court may "look through" a § 4 petition to determine whether it is predicated on an action that arises under federal law. *Vaden*, 556 U.S. at 53, 62.

In the aftermath of *Vaden*, courts have grappled with whether the "look through" approach applies to § 10 motions to vacate. Courts declining to extend *Vaden* to § 10 motions to vacate have pointed out that *Vaden*'s reasoning was grounded on specific text in § 4 that § 10 that does not contain. *See, e.g., Goldman v. Citigroup Global Mkts., Inc.*, 834 F.3d 242 (3rd Cir. 2016). Meanwhile in those circuits where *Vaden* has been extended to § 10 motions to vacate, the courts have provided persuasive reasoning explaining why the textual differences between the Federal Arbitration Act's § 4 and § 10 do not militate against recognizing consistent jurisdictional principles for both sections. *See, e.g., Ortiz-Espinosa v. BBVA Securities, Inc.*, 852 F.3d 36 (1st Cir. 2017); *Doscher v. Sea Port Grp. Securities, LLC*, 832 F.3d 372 (2nd Cir. 2016).

The Fifth Circuit has not yet entered into the fray of this circuit split to determine whether the *Vaden* look through approach applies to § 10 motions to vacate. This Court will err on the side of assuming that the Fifth Circuit would apply the same jurisdictional standards to a motion to vacate an arbitration award that would apply to a motion to compel arbitration.[5]

That said, Badgerow filed suit in state court relying on La. R.S. § 9:4210 to vacate the award.[6] Badgerow's position is that the petition only involves state law because she

---

[5] The Court errs on the side of assuming that the *Vaden* look through approach could apply to a petition to vacate because Badgerow can raise this issue on appeal but if the Court remands this matter for lack of subject matter jurisdiction then the Principals will have no appeal option.

[6] Section 4210 is part of Louisiana's Binding Arbitration Law and it tracks the vacatur language

only seeks to vacate the award with respect to the state law whistleblower claim. To the contrary, the award was based on state law as well as federal law because Badgerow included as part of the arbitration her joint employer claims that were grounded on federal employment law. This Court is persuaded that Badgerow cannot deprive the Court of subject matter jurisdiction over an action to vacate the award by stripping off a single state law claim as a basis for attacking the award.[7] Because the award itself included federal claims, the Court is persuaded that federal question jurisdiction applies notwithstanding the artfully pleaded petition. Therefore, the motion to remand is denied.

For the reason given in Civil Action 17-9492, the Principals' motion to confirm the award is granted.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand to State Court (Rec. Doc. 15)** filed by Plaintiff, Denise Badgerow is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Confirm Arbitration Award (Rec. Doc. 5)** filed by Defendants, Greg Walters, Thomas Meyer, and Ray Trosclair is **GRANTED**. A final judgment will be entered in favor of these defendants, confirming the arbitration award and dismissing this action to vacate and all claims

---

of § 10 of the FAA. The arbitration agreements at issue state that they are covered by the terms of the FAA. (17-9492-Rec. Doc. 26-2 at 5; Rec. Doc. 26-3 at 5). But because the FAA itself confers no jurisdiction on a federal court, the Court attaches no jurisdictional significance to Badgerow's avoidance of the FAA in her state court pleading.

[7] Of course, as the Principals point out, even as to the state law whistleblower claim Badgerow based it on an alleged violation of federal law. The Court does not determine whether the issues of federal law were substantial enough to confer jurisdiction, *see Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937 (5th Cir. 2013), because the award itself included federal claims.

against them with prejudice.

June 26, 2019

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE